IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| LOUIS DREYFUS COMPANY LLC § § Plaintiff § § -against- § § M/V M/V ARISTO RIVER, her engines, § tackle, boilers, etc., *in rem*, and EIGHT § RIVER SHIPPING SA; AND P&F § MARINE CO. LTD. § § -and against- § § M/V LIBERTY PASSION, her engines, § tackle, boilers, etc., *in rem*, LIBERTY § MARITIME CORP.; & WILMINGTON § TRUST CO. *in personam.* § Defendants. § § | C.A. No.: 19-408 In Admiralty Rule 9(h) |

## VERIFIED COMPLAINT

TO THE COURT:

Come Now the Louis Dreyfus Company LLC (hereinafter "LDC"), Plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above-named vessels and Defendants, alleges upon information and belief as follows:

### I.

### JURISDICTION AND VENUE

1. This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules thereto governing certain admiralty and maritime claims. This court has a jurisdiction pursuant to 28 U.S.C. § 1333, based on both

1

maritime tort and at least one maritime contract. Venue is proper in this Court because the underlying facts giving rise to this dispute occurred within this District and property owned and operated by the Defendants currently was located here when *in rem* security was demanded and supplied by both defendant vessels.

2. This is a complaint, *in rem*, against the vessel M/V Liberty Passion and the M/V Aristo River pursuant to a maritime lien arising from an allision pursuant to Supplemental Rule C of the Federal Rules of Civil Procedure. The verified complaint is also *in personam* against Defendants Eight River Shipping, SA, P&F Marine Co., Ltd., Liberty Maritime Corp. and Wilmington Trust Co.

## II.

## **PARTIES**

3. LDC is registered in Delaware and is headquartered in Connecticut. LDC is an operator of a grain elevator on the Sabine River channel in the Beaumont area. From there LDC delivers grain in sale to consignees in foreign locations laden aboard maritime vessels for the grain's carriage. LDC is the lessee of the Port of Beaumont facility known as the Louis Dreyfus Terminal in Beaumont.

4. Defendant Eight River Shipping, SA is the registered owner of the M/V Aristo River (and P&F Marine Co., Ltd. its operator) call sign VRBB5 is a Hong Kong flagged 21,385 gross ton steel hull bulk carrying ocean vessel which was which may be served via its home office at 3rd Floor, Eunsung Bldg. 261, Daeyeong-ro Dong-gu, Pusan North Korea. It was moored at dock No. 1 of the LDC Beaumont Terminal on Sep. 11, 2017 when the incident in question occurred.

5. Wilmington Trust Co is the owner of the M/V LIBERTY PASSION and Liberty Maritime Corp. is the operator of the vessel. The M/V Liberty Passion, is USA flagged with call sign WLPI,

and is a 20,352 gross ton steel hull car-carrying ocean vessel which may be served via its home office at 979 Marcus Ave,. Suite 200, New Hyde Park, NY 11042. The M/V Liberty Passion was transiting the Sabine channel just in front of the LDC grain terminal when it briefly ran aground and made a quick thrust and turning maneuver which created a severe wake causing a surge, and displacement of the M/V Aristo Riuver from her moorings at the LDC grain terminal, causing the M/.V Aristo River to strike a loading arm at the LDC Terminal damaging the LDC terminal's loading arm and the dock No. 1 appurtenances at the terminal.

6.  LDC herein names the M/V Aristo River, the M/V Liberty Passion and their owners and operators, as defendants in this action (hereinafter collectively referred to as the "Defendants").

### III.

### FACTS

7.  LDC is the tennant / lessee of the Port of Beaumont owned ship berth located in the Port of Beaumont on the Sabine River channel.

9.  The LDC Grain Terminal is a stationary and immovable object that offers marine access to ships and allows ships to load and discharge various types of cargoes.

10. On Sep. 11, 2017, LDC had taken the M/V Aristo River, alongside this berth (LDC No. 1) in the Beaumont Sabine Channel to load cargo. The vessel was in the process of receiving cargo and the loading arm for the LDC Dock no. 1 facility was directed down inside a hold on the M/V Aristo River at that time.

11. On Sep. 11, 2017, the M/V LIBERTY PASSION was inbound on the Beaumont Sabine Channel and was piloted by a Beaumont Pilot. The vessel was bound for mooring further upstream to discharge military equipment.

12. At approximately 1225 hours local time, the M/V LIBERTY PASSION was inbound on the Sabine channel alongside the M/V Aristo River, which was moored at dock No. 1 of LDC"s Beaumont Grain Elevator, loading grain from Spout No. 1 of the LDC- Beaumont expert facility. The spout was positioned into a hold on the M/V Aristo River at a safe distance from the vessel's structure.

13. At approximately 1225 hours local time the M/V Liberty Passion ran aground on a sand bar which had recently been marked on the charts and was in full knowledge of the Beaumont Pilots. As the M/V Liberty Passion maneuvered to free herself from the grounding, she increased the power output of her engines and turned away from the M/V Aristo River as she was moored in close proximity to the Liberty Passion.

14. As a result of the increased thrust and altered direction of the M/V Liberty Passion's thrust wake, the M/V Aristo River encountered severe wake pulses which caused her to be pushed against the mooring facility at LDC dock No. 1, and then pulled away from the pier in like fashion in severe jolting movements. The M/V Aristo River was not moored tightly against the dock apron (in violation of port protocol and directive), and she snapped her mooring ropes and pulled a mooring hook away from its mount. The severe and sudden movement of the Aristo River forced her to strike the grain elevator loading arm and severely damage it. Consequently, the combination of the poor mooring of the Aristo River and the thrust and wake of the M.V Liberty Passion caused severe damage to LDC's facilities at the Port of Beaumont LDC grain elevator.

15. The excessive thrust wake (and direction) caused by the negligent helmsmanship and maneuvering of the M/V Liberty Passion caused the allision of the M/V Aristo River (which was herself negligently and improperly moored) and with LDC dock No. 1. The activities of both the

M/V Liberty Pasion and the M/V Aristo River caused and or contributed to the damages to LFC's terminal and loading facilities resulting in the monetary damages complained of herein.

16. As a direct and proximate result of the allision, the M/V Aristo River was forcefully rammed into LDC Dock No. 1, causing extensive damage to the Dock and unspecified damage to both the LDC loading spout at LDC Beaumont Dock. No. 1, the facilities and appurtenances affiliated with that loading structure, and its mooring devices

17. Plaintiff, LOUIS DREYFUS, has incurred and will incur property damage as well as loss of revenues (including volume reduction in its delivery capacity at the LDC Beaumont Terminal for several onths) from the loss of use of export Dock No. 11, its loading arm and related expenses. Additionally, the Plaintiff has or will incur damage assessment expenses for inspections of dock No. 1, the loading arm, and related expenses. LDC's total loss resulting from the allision is expected to exceed $1,953,687.07(One Million nine hundred fifty-three thousand six hundred eighty-seven and 07/100 dollars) exclusive of attorneys' fees, interest, loss of use, inspection costs and other contractual penalties.

18. LOUIS DREYFUS has incurred (and will continue to incur) attorneys' fees as a result of the allision and Defendants' failure to compensate Plaintiff for the damages to Dock No. 1, its export loading arm and related structures.

### IV.

### NEGLIENCE

19. The allision and the proximately caused damages which were caused by and due to the negligence, gross negligence, fault and unseaworthiness, of the M/V LIBERTY PASSION, committed while such vessel was operating in navigable waters in the United States, for which the M/V LIBERTY PASSION is liable, *in rem*. The foregoing casualty and damages were in no way

caused or contributed to by any fault, neglect, or want of care of LOUIS DREYFUS or any entity for whose conduct LOUIS DREYFUS is responsible.

20. Wilmington Trust Co., as owners of the M/V LIBERTY PASSION and Liberty Maritime Corp. Ltd. as managers, are liable, *in personam*, under Rule B of the Supplemental Rules because the allision was caused by the negligence or fault of the M/V LIBERTY PASSION's owner, master, crew and/or other agents of the vessel, in the following respects, which will be shown at the trial of this case:

    a. the M/V LIBERTY PASSION had persons in charge of its navigation who were careless, incompetent, failed to communicate or were inattentive to their duties;

    b. the M/V LIBERTY PASSION failed to maintain a proper lookout and heed the charts and instructions of the Beaumont Pilot, which would have permitted them to avoid the sand bar in the channel;

    c. the M/V LIBERTY PASSION negligently failed to do what was necessary to avoid the allision;

    d. the M/V LIBERTY PASSION's officers made a carless and dangerous decision to steer abruptly and increase its thrust excessively to maneuver away from the sand bar they struck;

    e. the owners, operators, and/or managers of the M/V LIBERTY PASSION negligently and carelessly trained and assigned an inadequate and incompetent crew to the vessel; and

    f. The M/V LIBERTY PASSION was unseaworthy.

21. As the M/V LIBERTY PASSION's owners and managers, Liberty Maritime Corp. and Wilmington Trust Co. are responsible for the proper navigation of the vessel, proper management

of the vessel and proper manning of the vessel with a competently trained crew. Liberty Maritime Corp. and Wilmington Trust Co. failed in their responsibilities in these regards and such failures caused the M/V LIBERTY PASSION to allide with the M/V Aristo River and Dock No.1 at LDC's Beaumont Grain Elevator in the Beaumont Sabine Channel and caused LOUIS DREYFUS's damages.

22.     After investigation, defendants Liberty Maritime Corp. and Wilmington Trust Co. cannot be "found" within this District for the purposes of and as delineated in Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The only known asset of Liberty Maritime Corp. and Wilmington Trust Co. which is or will be in this jurisdiction is the M/V LIBERTY PASSION. Therefore, under Rule B Plaintiff requests the Court to enter an order so stating and authorizing the issuance of process of maritime attachment and garnishment for the purpose of obtaining jurisdiction and security for *in personam* judgment in this or any other proceeding against the Defendants. Plaintiff requests that the clerk may issue supplemental process enforcing the court's order upon application without further court order.

23.     The M/V Aristo River also collided with LOUIS DREYFUS's dock no. 1, and grain loading appurtenances due to improper berthing procedures and excessively slack mooring lines, causing damage to the loading arm, the berth itself and the Port of Beaumont's mooring structure, and other adjacent property at that berth, due to the negligence of the M/V Aristo River and its owners and operators Eight River Shipping, SA, P&F Marine Co., Ltd., and/or unseaworthy conditions of the M/V Aristo River.

24.     After investigation, defendants Eight River Shipping, SA, and P&F Marine Co., Ltd. cannot be "found" within this District for the purposes of and as delineated in Rule B of the

Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. The only known asset of Liberty Maritime Corp. and Wilmington Trust Co. which is or will be in this jurisdiction is the M/V Aristo River. Therefore, under Rule B Plaintiff requests the Court to enter an order so stating and authorizing the issuance of process of maritime attachment and garnishment for the purpose of obtaining jurisdiction and security for *in personam* judgment in this or any other proceeding against the Defendants. Plaintiff requests that the clerk may issue supplemental process enforcing the court's order upon application without further court order.

25. The M/V Liberty Passion, *In rem*, Liberty Maritime Corp. and Wilmington Trust Co., and the M/V Aristo River, *In rem,* and its owners and operators Eight River Shipping, SA and P&F Marine Co., Ltd., were negligent and are jointly and severally liable to the LOUIS DREYFUS in this case in causing and/or contributing to the allision with the LDC Dock No. 1,, which was a proximate cause of the damages suffered by LOUIS DREYFUS in this matter.

26. Plaintiff, LOUIS DREYFUS reserves the right to amend and supplement these causes of action, and to specify in further detail other and further or different faults and negligence of the Defendants which evidence may later disclose.

V.

**CONDITIONS PRECEDENT**

27. Plaintiff has duly performed all duties and obligations on its part to be performed.

## VI.

## ATTORNEYS' FEES

28. Pursuant Tex. Civ. Prac. & Rem Code Chapter 38, the Plaintiff is entitled to its reasonable attorneys' fees and costs incurred and necessary to enforce the terms of the laws of the State of Texas.

## VII.

## PRAYER

29. All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Plaintiff prays:

(a) That summons in due form of law may be issued against Defendants;

(b) That a judgment may be entered in favor of Plaintiff against Defendants and against Plaintiffs M/V LIBERTY PASSION LLC , *In rem*, Liberty Maritime Corp. and Wilmington Trust Co., and the M/V Aristo River, *In rem,* and its owners and operators Eight River Shipping, SA, P&F Marine Co., Ltd., one or more of them, for the amount of Plaintiff's damages and attorney's fees, together with interest and the costs and disbursements of this action;

(c) That a warrant for the arrest of the vessel, M/V LIBERTY PASSION, *in rem*, her engines, tackle apparel, etc., be issued, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, and that all persons having or claiming any interest therein be cited to appear and answer, under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of

    Plaintiff for its damages and attorney's fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

(d)  That a warrant for the arrest of the vessel, M/V Aristo River, *in rem*, her engines, tackle apparel, etc., be issued, according to the practices of this Honorable Court in causes of admiralty and maritime jurisprudence, and that all persons having or claiming any interest therein be cited to appear and answer, under oath all and singular the matters stated, and this Court will be pleased to pronounce a judgment in favor of Plaintiff for its damages and attorney's fees, together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefore; and

(e)  That if defendants Liberty Maritime Corp. and Wilmington Trust Co., Eight River Shipping, SA, P&F Marine Co., Ltd., cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, that all assets of defendants, up to and including $1,953,687.07(One Million nine hundred fifty-three thousand six hundred eighty-seven and 07/100 dollars) be restrained and attached, including but not limited to the Vessel, cash, funds, escrow funds, credits, wire transfer, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, at or being transferred and/or wired to, from or through any garnishees upon who a Writ of Maritime Attachment and Garnishment may be served;

(f)  That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

/s/ *Dana K. Martin* /

_____
DANA K. MARTIN
Texas Bar No. 13057830
JAMNES SAVILLE
HILL RIVKINS LLP
55 Waugh Drive, Suite 1200
Houston, Texas 77007
Tel.:   713/222-1515
Fax:   713/222-1359
Email: dmartin@hillrivkins.com
          jsaville@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF
LOUIS DREYFUS COMPANY LLC**